ANNA BELLESHEIM, PLAINTIFF-RESPONDENT, v. POLICE PENSION FUND COMMISSION AND THE BOROUGH OF CARLSTADT, DEFENDANTS-APPELLANTS.

Argued October 6, 1926—Decided March 23, 1927.

**Pensions—Police—Question Here Raised is Whether Plaintiff was Lawful Wife of Deceased Policeman—Evidence Examined and Plaintiff's Claim Sustained.**

On appeal from the Second District Court of Bergen county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *DeTurck & West.*

For the respondent, *Feder & Rinzler* and *John J. Breslin, Jr.*

PER CURIAM.

The police pension fund commission and the borough of Carlstadt, defendants below, appeal from a judgment rendered for the plaintiff in the District Court of the Second Judicial District of Bergen county. The action was to recover a pension claimed by the plaintiff, Anna Bellesheim, to be due her upon the death of Henry P. Bellesheim, who at the time of his death, August 12th, 1925, was chief of police of the borough. The primary question in the case was whether the plaintiff was the lawful widow of Bellesheim by virtue of a marriage before Bellesheim reached the age of fifty years, and the legal sufficiency of the plaintiff's proofs on this point was attempted to be raised on motions for nonsuit and for direction of a verdict for defendants.

The evidence showed that Bellesheim, then a married man, went through a ceremonial marriage with the plaintiff in 1903, and that from the time of this marriage plaintiff and Belles-

heim lived together as husband and wife until the death of the latter in 1925. In 1912 the first wife died, and if this were all, the marriage in 1903 being void, the law would presume the meretricious relation once established would continue so to the end. There was evidence, however, that in 1913, after the death of the first wife, plaintiff and Bellesheim contracted a common law marriage, which, of course, would change the meretricious status theretofore existing. In answer to the question, "Did you go through any other ceremonial marriage with Mr. Bellesheim between the time you married him in 1903 and the time you remarried him, as you say, in 1921?" The plaintiff answer, "1913, by mouth," and to the further question, "Between January 29th, 1903, and December 7th, 1921, the only reason you lived with Mr. Bellesheim was because of the marriage that took place in 1903," she answered, "we were married," and that at the same time Bellesheim said to her, "we are married; why worry?" and "you are my wife." It further appeared with much definiteness that the parties held themselves out to be husband and wife and were so known to their world of acquaintances.

Upon this testimony we think a valid marriage could be based. It fairly implies in the present tense, the establishment of new marital obligations by which a valid marriage was substituted for the illicit relations theretofore existing. *Jackson* v. *Jackson*, 94 *N. J. Eq.* 233.

It is also complained that the trial judge erred in permitting the case to proceed with eleven jurors at the start of the case, and in subsequently determining that there was no question of fact to be decided and in disposing of the case himself. To the first it is sufficient to say that it appears from the record that counsel stipulated that they would try the case with eleven jurors, and at no place in the record does it appear that the defendants excepted or even objected to the course taken by the court, defendant's counsel even indicating his desire to file a brief in the new phase the case was taking.

Other points raised on the appeal pertain to rulings during the trial of the case, among them that the court refused to strike out some of the testimony above quoted, and also that it improperly admitted a clergyman's certificate of a marriage in 1921 and the reasons therefor. The ruling on the first was proper and on the second the certificate of marriage was competent in so far as it certified to the marriage, and as to the remainder it simply reiterated facts already proven and not in dispute.

The remaining alleged trial errors have been examined, but we find them without merit.

What has been said in the early part of this opinion deals with the case on the assumption that the fundamental questions involved in the case have been properly raised on appeal. There is serious doubt, however, if this is so. To the refusal of the court to grant a nonsuit or to direct a verdict in favor of the defendants, no exception was taken, and the only other point argued on this phase of the case is that "there was no legal evidence before the trial court which justified a judgment in favor of the plaintiff-appellee and against the defendants-appellants." It is doubtful if this can be regarded as an assignment of error to the entering of final judgment as accorded by the act of 1916. *Pamph. L.,* p. 109.

The judgment of the court below is affirmed.